IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE MARTIN, | ) | |
| Plaintiff | ) ) ) | Case No. 1:18-215 (Erie) |
| vs. | ) ) ) | RICHARD A. LANZILLO |
| JOHN WETZEL, et al., | ) ) | UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) ) ) ) | ORDER |

Presently pending before the Court is a Motion for Reconsideration filed by Plaintiff on September 30, 2019. (ECF No. 51). The Motion seeks reconsideration of this Court's Order granting Defendants' Partial Motion to Dismiss, rendered on September 14, 2019. For the reasons discussed below, the Court will deny Plaintiff's motion.

The United States Court of Appeals for the Third Circuit has long held that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must, therefore, rely on one of three grounds: (1) an intervening change in the law, (2) the availability of new evidence that was not available at the time of the judgment, or (3) the need to correct a clear error of law or prevent manifest injustice. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir.2011); *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

Motions for reconsideration are to be limited to these purposes and are not intended to offer an additional opportunity to relitigate the case. *Blystone*, 664 F.3d at 415. A motion for reconsideration, therefore, is not properly grounded in a request for a district court to rethink a

1

decision it has already rightly or wrongly made. *Ferguson v. United States*, 2013 WL 3305446, at *3 (W.D. Pa. June 28, 2013); *see Hiltabidel v. Uniontown Newspapers, Inc.*, 2010 WL 340738, at *1 (W.D.Pa. Jan.22, 2010) (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)) ("Motions for reconsideration are not designed to provide litigants with a second bite at the apple.").

Turning to the present motion, the Court finds that it fails to assert a valid ground upon which reconsideration can be granted. *Blystone*, 664 F.3d at 415. There is no allegation of an intervening change in the law, newly available evidence, or clear error of law. Instead, Plaintiff's motion argues that the Court overlooked facts listed in his complaint that would have established the personal involvement of Defendant Overmeyer. The Court has carefully re-examined Plaintiff's Complaint, as well as the September 14, 2019 Order granting Defendant Overmeyer's motion to dismiss, and finds that its Order contains no error entitling Plaintiff to relief therefrom.

Accordingly, Plaintiff's Motion for Reconsideration is denied.

Date: October 3, 2019

_____
Richard A. Lanzillo
United States Magistrate Judge