IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE MARTIN, | ) | |
| Plaintiff | ) | |
| | ) | No. 1:18-cv-00215 (Erie) |
| v. | ) | |
| | ) | |
| JOHN WETZEL, et al., | ) | RICHARD A. LANZILLO |
| Defendants | ) | United States Magistrate Judge |
| | ) | |
| | ) | ECF No. 109 |

MEMEORANDUM ORDER

Presently before the Court is Plaintiff Tyrone Martin's Motion for an Order Compelling Discovery and Sanction Request (ECF No. 109). As set forth below, Plaintiff's motion is GRANTED in part and DENIED in part.

Martin contends that the Defendants have failed to produce the following materials or information he has requested through discovery:

- Certain video discs that recorded the use of force and related activities in and around his cell at SCI-Forest on May 29, 2018; and

- Responses to interrogatories served on Defendant Tammy Johnston.

Video Recordings

Regarding the video discs, Defendants acknowledge that video was recorded in the area of Plaintiff's cell on May 29, 2018 using a handheld camera and a stationary DIVAR surveillance camera and that this video has been preserved. It also appears that an interview or other interaction with the Plaintiff on the same date was video recorded. Counsel for Defendants previously delivered four discs to the prison where Plaintiff is currently incarcerated that he believed contained the subject matter described above; however, upon Plaintiff being given the opportunity to review

1

the discs, it was determined that two of the four discs contained duplicate material and the audio on one of the discs could not be heard. As to the audio difficulty, it appears that the prison did not have the proper application or instructions necessary to play the audio rather than the disc not having the audio recorded. Plaintiff also advised the Court that the video recorded using the handheld camera was not included on the discs.

During a telephone status conference/hearing on October 27, 2020, counsel for Defendants advised that, on October 20, 2020, he sent four new discs of the recordings in question to appropriate prison personnel who are responsible for ensuring that Plaintiff is given a reasonable and appropriate opportunity to view the recordings. Counsel for Defendants also advised that he included written instructions to assist prison personnel in playing the audio recorded on the one disc that would not play during Plaintiff's prior viewing. Counsel for Defendants advised that the replacement disc include material missing from the discs previously sent to the prison.

During the telephone status conference/hearing on October 27, 2020, Plaintiff stated that a stationary camera was also present in his cell and that this camera also recorded events during the relevant time on May 29, 2018. The Court directed Defendants to investigate this assertion and to file a status report on or before November 10, 2020 advising (1) whether Defendants agree that another camera as described by Plaintiff was present in his cell on May 29, 2018, and, if so, (2) whether it was in operation on that date and, if in operation, (3) the status of preservation of the video recording. If video from this camera was recorded on the date in question and preserved, Defendants are to produce it to Plaintiff on or before November 10, 2020. If video from this camera was recorded on the date in question and not preserved, Defendants are directed to include in their status report a full explanation regarding the failure to preserve the recording. Plaintiff's motion to compel production of the video recording discs is granted to the extent outlined above.

To the extent Defendants have already produced discs that they have confirmed to be correct and viewable/audible, they need not produce them again. The Court anticipates that the discs sent by Defendants' counsel on October 20, 2020 have been received by prison personnel, and the Court encourages Plaintiff to write a request slip to the appropriate prison representative to arrange to view the videos.

Finally, counsel for Defendant informed the Court that his office received new copies of the discs containing the video recordings on October 27, 2020. The Defendants are ordered to submit copies of these videos for the record by mailing them to the Clerk of Courts, Erie Division, U.S. Courthouse, Erie, Pa., 16501, on or before November 10, 2020. Counsel is advised to affix this case number to these submissions.

Responses to Interrogatories Directed to Defendant Johnston

Defendants acknowledge that a set of interrogatories directed to Defendant Tammy Johnston remains outstanding. Counsel for Defendants advised that Johnston is no longer employed by the Pennsylvania Department of Corrections, but that counsel has confirmed her receipt of the interrogatories and advised her of her obligation to respond. Counsel for Defendants further advised that his investigator last had contact with Johnston on or about October 8 or 9, 2020, but she has been unresponsive since that time.

Pursuant to Federal Rule of Civil Procedure 37(a), a party who has received incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). "The moving party must demonstrate the relevance of the information sought to a particular claim or defense." *Montanez v. Tritt*, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016). Rulings concerning "the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion." *Sears v. Mooney*, 2018 WL

3

5841971, at *3 (M.D. Pa. Nov. 8, 2018). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. *Sears*, 2018 WL 5841971, at *4. Consequently, courts often—and appropriately—apply liberal treatment to discovery rules. *Id.* (citing *Clements v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014)).

The Court grants Plaintiff's motion to the extent it seeks an order compelling Johnston to respond to his interrogatories. Appropriate answers or objections to each interrogatory are to be served on Plaintiff on or before November 10, 2020. Johnston's failure to do so may result in an order of sanctions. The Defendants should include in their status report due to the Court on November 10, 2020 the status of Johnston's compliance with this Order.

Request for Sanctions

The Court finds that the imposition of sanctions against Defendants is not appropriate at this time. The Court is satisfied that Defendants have made a good faith effect to identify and produce the video recordings and that the prior deficiencies in their production were largely the result of technical problems or innocent mistakes. Although the Court condemns Johnston's failure to respond in a timely manner to Plaintiff's interrogatories, it is also noted that she was only recently substituted for a "Jane Doe" defendant and her delay at this point is not egregious. However, if Defendants fail to comply with this Order, Plaintiff may renew his request for sanctions.

Extension of Time for Plaintiff to Respond to Defendants' Motion for Summary Judgment

Given the delays in production of the video recordings and Johnston's responses to interrogatories, the Court hereby extends the deadline for Plaintiff to respond to the Defendants' Motion for Summary Judgment to December 30, 2020.

As set forth in detail above, the Plaintiff's Motion for an Order Compelling Discovery and Sanctions Request [ECF No. 109] is **GRANTED** in part and **DENIED** in part.

Entered and Ordered this 28th day of October, 2020.

                                                                                     _____
                                                                                     RICHARD A. LANZILLO
                                                                                     United States Magistrate Judge