IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE MARTIN,<br>    Plaintiff<br><br>v.<br><br>JOHN WETZEL, et al.<br>    Defendants | No. 1:18-cv-00215 (Erie)<br><br>Richard A. Lanzillo<br>United States Magistrate Judge<br><br>ECF No. 139 |

**OPINION & ORDER**

1. Introduction

Plaintiff Tyrone Martin (Martin) has filed a motion styled "Fraud Upon the Court/Reconsideration" [ECF No. 139] in which he seeks reconsideration of the portion of the Court's November 25, 2020 Memorandum Opinion and Order [ECF No. 136] which denied his two most recent Motions for Sanctions [ECF Nos. 125 and 132]. For the following reasons, Martin's motion for reconsideration is DENIED.[1]

2. Standard of Review of Motions for Reconsideration of Interlocutory Orders

Although a district court has the "inherent power to reconsider prior interlocutory orders," *State Nat'l Ins. Co. v. Cty of Camden*, 824 F.3d 399, 406 (3d Cir. 2016), the purpose of this power is to correct manifest errors of law or fact or allow for the presentation of newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration normally must demonstrate at least one of the following grounds: (1) an intervening

---

[1] Although Martin has appealed this Court's denial of his motion for sanctions to the United States Court of Appeals for the Third Circuit [*see* ECF No. 142], "a lower court's jurisdiction is not lost when an appeal is taken from a non-appealable order," *see Roudabush v. Bitener*, 722 Fed. Appx. 258, 262 (3d Cir. 2018) (per curiam) (citing *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985)), and this was plainly a non-appealable interlocutory order. *See Simon v. Robinson*, 196 Fed. Appx. 54, 55 (3d Cir. 2006) (per curiam) (citing *Babcock & Wilcox Co. v. Foster Wheeler Corp.*, 457 F.2d 1307, 1308 (3d Cir. 1972)).

change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is also appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrboach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). Such motions may not be used to reargue unsuccessful theories or argue facts or issues that were not presented to the court in the context of the previously decided matter. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). In other words, a motion for reconsideration is not a means to get a "second bite at the apple." *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D.Pa.1995) (citation omitted). And, while the standard for granting reconsideration of an interlocutory order is more liberal than for a final judgment, "the movant must still establish good cause for why the court should revisit its prior decision." *Qazizadeh*, 214 F. Supp. 3d at 295 (citing *Confer. v. Custom Eng'g Co. Emp. Health Benefit Plan*, 760 F. Supp. 75, 77 (W.D. Pa. 1991)). "Each step of the litigation process should build upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." *Confer*, 760 F. Supp. at 77 (citation omitted). This standard applies to interlocutory orders on discovery issues. *See Miller v. Steam Generating Team, LLC*, 2020 WL 1821698, at *1 (W.D. Pa. Apr. 10, 2020) (granting reconsideration to

order using Rule 54(b) standard denying "Plaintiff's Motion to Compel Compliance with Third Party Subpoena.").

3. Analysis

Martin has not presented any factual or legal basis to support reconsideration of the Court's order which denied his motions for sanctions regarding Defendants' compliance with his discovery requests for video recordings of the use of force incident on May 29, 2018. He has failed to show an intervening change in the law, new evidence previously unavailable, or a clear error of law or fact; there has been no "manifest injustice." *See Max's Seafood Café ex rel. Lou–Ann, Inc.*, 176 F.3d at 677. Martin believes that reconsideration is appropriate because Deputy Attorney General Phillip Raymond (DAG Raymond) told the Court that he had sent certain video evidence to Martin on November 4, 2020 despite Martin having reason to believe that he had not done so until November 13, 2020. ECF No. 139, p. 1.

DAG Raymond noted in his Status Report of November 10, 2020 that he looked again at DVD copies of the videos which had been sent to SCI-Phoenix, found functioning video and audio, extracted video files from discs 2 and 3, burned new copies onto DVDs, and mailed those to Martin with instructions on how to play them. ECF No. 131, ¶¶ 14–16. Martin, however, points to an exhibit attached to his motion for reconsideration—the cover letter Attorney Raymond sent to prison official Gina Orlando explaining that attached were DVDs for Martin to view—which shows that Attorney Raymond dated this cover letter November 13, 2020. ECF No. 139-1, p. 1.

In its initial consideration of the motions for sanctions, the Court reasoned that while spoliation of one of the videos had occurred, the Court needed to consider three factors to determine whether sanctions were appropriate:

3

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019) (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)).

The Court's previous determination based on these three factors is unchanged. Regarding the first factor, any delay in providing the available videos has nothing to do with whether the Defendant was at fault for allowing the videotape on the DIVAR camera to be overwritten, as analyzed fully in the Court's Memorandum Opinion and Order. *See* ECF No. 136, pp. 6–8. If there is any fault in the delay from November 4 to November 13, 2020, that is minimal. There is no indication that this discrepancy in dates occurred because of bad faith. The Court notes that it received a letter from Attorney Raymond dated November 4, 2020, providing copies of these same videos that were sent to Martin. ECF No. 128. Regarding the second factor, Martin has suffered no prejudice as a result of the discrepancy in service dates. The exhibit that Martin attached to his motion for reconsideration shows that DVDs with the video evidence were sent to the prison, and Martin watched those videos on December 3, 2020. *See* ECF No. 139-1, p. 2. Martin affirmed on this exhibit that he "viewed [the] entirety" of the DVDs on December 3, 2020. *Id.*, pp. 3-4. He made no notation of any problems with either the audio or visuals on the DVDs. Moreover, Martin suffered no prejudice because he had the opportunity to view the available videos with plenty of time before his response to the Defendant's currently pending motion for summary judgment was due on December 30, 2020. *See* ECF No. 123.

As for the third factor, there is also no need to choose between more or less severe sanctions here because the Court finds no bad faith or prejudice. December 3, 2020, the same day he viewed these videos, is the same day that Martin filed his motion for reconsideration. ECF No. 139.

4. Conclusion

Having made no showing to support reconsideration of the prior order denying his motions for sanctions, Martin's motion for reconsideration at ECF No. 139 is DENIED.

Entered and Ordered this 19th day of April, 2021.

_____
RICHARD A. LANZILLO
United States Magistrate Judge