IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE MARTIN,<br>　　　Plaintiff<br><br>　　v.<br><br>JOHN WETZEL, et al.<br>　　　Defendants | No. 1:18-cv-00215 (Erie)<br><br>Richard A. Lanzillo<br>United States Magistrate Judge<br><br>ECF No. 144 |

**OPINION & ORDER**

Plaintiff Tyrone Martin (Martin) mailed this motion to compel discovery on December 5, 2020, which was docketed on December 11, 2020, along with yet another request for sanctions. ECF No. 144. Martin contends that Defendants have failed to comply with lawful discovery requests by failing to turn over the following:

1. All video evidence connected to Grievance # 740433—which he filed regarding the disposal of his personal property by prison officials—specifically video of the property inventory conducted by Defendants; and

2. The emails of Defendant Lee in connection to Grievance # 740433

This motion is denied. Martin has failed to identify which specific requests for discovery have gone unanswered. His bald assertion that Defendants are refusing his discovery requests is insufficient. To the extent Martin believes Defendants have not responded to lawful discovery requests, he may request that the Court order compliance or take other appropriate action by filing a "Motion to Compel Discovery" pursuant to Rule 37 of the Federal Rules of Civil Procedure. As explained in this Court's General Practices and Procedures memorandum (attached here), "any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37 shall include a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion in accordance with LCvR 37.2."

Thus, Martin must show that he has properly requested the discovery material, identify it with specificity to the Court, and assert that the Defendants have denied his requests. *Id.* He has not done so here. The documents he attached to his motion—grievance records and inmate requests to staff members from 2018—are not lawful discovery requests. ECF No. 144-1.

Regarding video evidence, this has been the subject of protracted litigation, numerous filings, and a status conference. The Court has issued three opinions and orders thoroughly discussing the availability of video evidence in the case. *See* ECF No. 121 (Order granting in part and denying in part Plaintiff's motion for an order compelling discovery and sanctions request); ECF No. 136 (Opinion and Order on motion for sanctions); ECF No. 151(Opinion and Order denying Motion for Reconsideration). Regarding video of the inventory conducted of Martin's property, the Court has before it no valid discovery request for that material. Martin also has not presented the Court with any basis to question Defendants' production of the videos that recorded the May 29, 2018 use-of-force incident. Martin informed the Court in an exhibit attached to his motion for reconsideration at ECF No. 139 that he watched these videos at the prison on December 3, 2020. *See* ECF No. 139-1, p. 2. Martin affirmed that he "viewed [the] entirety" of the DVDs on December 3, 2020. *Id.*, pp. 3-4. Yet, Martin filed this motion to compel video evidence on December 5, 2020. ECF No. 144.

For the foregoing reasons, Martin's motion to compel at ECF No. 144 is DENIED.

Entered and Ordered this 19th day of April, 2021.

_____
RICHARD A. LANZILLO
United States Magistrate Judge